**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michelle London-Marable and Frederick Marable,<br><br>        Plaintiffs,<br><br>vs.<br><br>The Boeing Company, et al.,<br><br>        Defendants. | No. CV-04-2611–PHX-MHM<br><br>**ORDER** |

Plaintiff Michelle London-Marable and her husband Frederick have filed a First Amended Complaint naming as defendants Michelle's former employer The Boeing Company ("Boeing"), Boeing officials Donald J. Morris, Sue Wallace, Cynthia Koopman, Vaughn Pirlo, Joseph Taylor, Bradley Pontious, and Arthur E. McIrvin (and their spouses); Aetna, Inc. ("Aetna"), and Aetna Medical Affairs Committee ("Aetna Committee"). Plaintiff Michelle has asserted claims for breach of the employment agreement (Count I) and wrongful termination (Count II) against Defendant Boeing; negligent or intentional infliction of emotional distress (Count III) against all Defendants; fraud (Count V) against Defendants Boeing and Morris; negligent misrepresentation (Count VI) against Defendants Boeing, Morris and Wallace; and violation of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq.(Count VII) against Defendants Boeing, Aetna and the

1  Aetna Committee. Plaintiff and her husband have asserted a claim for loss of consortium
2  (Count IV) against all Defendants.
3        Defendants have filed a motion to dismiss all or parts of Counts II through VII. (Doc.
4  8). Plaintiffs have filed a response (Doc. 13) and Defendants have filed a reply. (Doc. 14).
5  This Court's jurisdiction has been invoked pursuant to 28 U.S.C. §§ 1331 and 1332.

## I.
### Standard of Review.

8        When reviewing a motion to dismiss, the Court accepts the allegations in the
9  complaint as true and construes them in the light most favorable to the plaintiff. Sosa v.
10 Hiraoka, 920 F.2d 1451, 1455 (9th Cir. 1990). The Court must draw all reasonable
11 inferences in favor of the non-moving party. Salim v. Lee, 202 F. Supp. 2d 1122, 1125 (C.D.
12 Cal. 2002). Dismissal is proper "only if it appears beyond doubt that the plaintiff can prove
13 no set of facts in support of his claim which would entitle him to relief." Gibson v. United
14 States, 781 F.2d 1334, 1337 (9th Cir. 1986). "Dismissal can be based on the lack of a
15 cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal
16 theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). The Ninth
17 Circuit has stated that "[t]he issue is not whether a plaintiff's success on the merits is likely
18 but rather whether the claimant is entitled to proceed beyond the threshold in attempting to
19 establish his claims." De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978). The Court
20 must determine whether or not it appears to a certainty under existing law that no relief can
21 be granted under any set of facts that might be proved in support of plaintiff's claims. Id.

## II.
### Plaintiffs' First Amended Complaint.

24       Taking the allegations in the First Amended Complaint as true, Plaintiff (referring to
25 Michelle London-Marable) was employed by Boeing between May 19, 1982 and May 21,
26 2004 when she claims to have involuntarily resigned from her position as Senior
27 Administrative Analyst. Plaintiff participated in short term and long term disability insurance
28

1  plans maintained by Aetna for Boeing's employees. Plaintiffs contend that the Aetna
2  Committee was charged with administering the plans and was the plans' fiduciary.

3        In 1996 and 1997, Plaintiff was treated for pain in her neck and right arm, shoulder,
4  forearm, hand and elbow. She was diagnosed with musculoskeletal strain, neck pain and
5  muscular spasm. Plaintiff contends that despite these conditions, her supervisors required
6  her to perform lifting, pushing, pulling, twisting, etc., even though these activities were not
7  part of her job description. When Plaintiff complained of pain in June 1997, she allegedly
8  was demoted. Plaintiff alleges that she satisfactorily performed her job duties despite this
9  demotion. She contends that her employer continued to require her to lift heavy objects as
10 part of her job responsibilities.

11       In February 2001, Plaintiff was treated for severe abdominal pain and placed on a
12 leave of absence from January 11, 2001 until March 16, 2001. Plaintiff was approved for
13 short term disability benefits effective January 1, 2001 through May 30, 2001. Surgery in
14 April 2001 revealed that Plaintiff had suffered a hernia. Plaintiff returned to work on June
15 25, 2001 and despite her physician's orders to the contrary, her supervisors continued to
16 require her to perform lifting, pushing, pulling, etc. as before. During this time, Plaintiff's
17 supervisors included Defendants Morris, Koopman, Pirlo and Pontious. Plaintiff contends
18 that she requested accommodation for her physical limitations but her requests were refused.

19       Plaintiff alleges that on May 19, 2002, her twentieth anniversary as a Boeing
20 employee, Defendants Morris, Koopman and Pirlo caused a "hangman" caricature depicting
21 Plaintiff to be drawn and displayed during the celebration. Plaintiff asserts that this conduct
22 and image embarrassed, shocked and humiliated her. When Plaintiff asked for a reasonable
23 accommodation on September 18, 2002, Defendants Morris and Pirlo allegedly told her to
24 "go find a job outside Boeing."

25       On October 9, 2002, Plaintiff was diagnosed with and began treatment for
26 cholecystitis and hernia. She was approved for short term disability benefits from October
27 16, 2002 through April 9, 2003. On November 8, 2002, Plaintiff's surgeon approved her
28 return to work. Plaintiff alleges that her supervisors continued to require her to lift and carry

- 3 -

heavy objects exceeding 25 pounds contrary to her physician's orders. On November 20, 2002, Plaintiff was injured on the job and Boeing and its employees allegedly refused to provide her with medical treatment.

Plaintiff returned to work on December 3, 2002 with medical restrictions as discussed above but her supervisors again allegedly refused to afford her any accommodations. Plaintiff returned to work on January 15, 2003 with permanent medical restrictions but Defendant Morris allegedly refused to permit her to work. Plaintiff was approved for short-term disability benefits from November 19, 2002 through April 17, 2003.

On February 7, 2003, "the Plan" denied Plaintiff's short and long term disability benefits. Plaintiff claims to have submitted additional information but the Plan upheld the denial decision on February 27, 2003. Plaintiff appealed the decision. On May 8, 2003, "the Plan" terminated Plaintiff's short term disability benefits and denied her claim for long-term disability benefits. Plaintiffs contend that the denial of benefits was based in part on a materially false Physical Demands Analysis Worksheet completed by Defendant Morris and submitted by Defendant Wallace, Boeing's health services representative.

Plaintiff filed a claim of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Arizona Civil Rights Division on February 11, 2003. Plaintiff received a right to sue letter from the EEOC on or about January 26, 2004.

On May 21, 2004, Plaintiff resigned from Boeing. She alleges that her resignation was "due in part to intolerable working condition brought about by Boeing and Defendants Morris, Koopman, Pirlo, Taylor and Pontious."

III.

Defendants' Motion to Dismiss.

A. Wrongful termination (Count II).

Plaintiff alleges in Count II that Boeing through its managers Morris, Wallace, Koopman, Pirlo, Taylor and Pontious, "caused the wrongful termination of Plaintiff in that it required and caused her to involuntarily resign her employment." Plaintiff further alleges that Boeing "acted without just cause in violation of fundamental public policies of the state

- 4 -

1 of Arizona set forth under Arizona law." Defendants contend that Plaintiff's wrongful
2 termination claim must be dismissed because it alleges only a general violation of "Arizona
3 law." Defendants cite A.R.S. § 23-1501, the Arizona Employment Protection Act ("AEPA"),
4 as specifying the types of wrongful termination claims that may be filed under the public
5 policy violation as including (1) violation of "a statute of this state" or "the public policy set
6 forth in or arising out of the statute"; (2) a claim for retaliation for the employee refusing to
7 commit an act or omission that would violate an Arizona statute or the Arizona Constitution;
8 and, (3) a claim for retaliation for the employee reporting a violation (past, present, or
9 anticipated) of an Arizona statute or the Arizona Constitution to the employer's management
10 or other investigative authority, referring to A.R.S. §§ 23-1501(3)(b) and (c). Defendants
11 also contend that Plaintiff has failed to assert any factual predicate necessary to sustain a
12 public policy claim and that a race discrimination or retaliation claim cannot be asserted
13 under the guise of a public policy tort.

14 Plaintiff has responded by citing Fed.R.Civ.P. 8(e)(1) which provides that "[e]ach
15 averment of a pleading shall be simple, concise, and direct" and contending that the federal
16 rules afford her some latitude in pleading her claim for relief. Plaintiff argues that the claim
17 is sufficient because she has alleged that Boeing violated "Arizona law" which is the same
18 as alleging that Boeing violated Arizona's "public policy." Plaintiff also refers to her claim
19 for fraud (Count V against Defendants Boeing and Morris), that is, allegedly providing
20 materially false information to Aetna, which caused her to lose her disability benefits and
21 resulting damage and which may amount to insurance fraud. Plaintiff has clarified that she
22 is not asserting any claim for race discrimination. Rather, Plaintiff has alleged that Boeing
23 and/or its agents unreasonably required her to engage in physical activity while on the job
24 even after they knew the job was causing her physical injury and that she could no longer
25 perform the job, and she was constructively discharged. Boeing and/or its agents further
26 misrepresented the job requirements which caused Aetna to deny Plaintiff her disability
27 benefits.

28

1    Plaintiffs also have argued that Count II is not preempted by ERISA. Defendants have
2 clarified in their reply that their argument for dismissal of Count II is not based on ERISA
3 preemption.  (Doc. 14 - reply at p. 4).
4    In <u>Mullenaux v. Graham County</u>, 82 P.3d 362 (Ariz. App. 2004), the plaintiff alleged
5 that his wrongful discharge claim was based in part on A.R.S. § 23-1501(3) but the defendant
6 contended that the claim was deficient because it did not cite the specific statutory basis for
7 the claim. The Arizona Court of Appeals indicated that "'failure to make reference to a statute
8 [in a complaint] is not fatal to a claim.'" <u>Id</u>., at 367.  This Court has determined, however,
9 that Plaintiff's claim in Count II should be dismissed without prejudice with leave to amend.
10 Plaintiff in her response has advanced several factual theories in support of her wrongful
11 discharge claim and therefore will be permitted an opportunity to file an amended complaint
12 to set forth the factual predicate on which her claim is based.  Defendants' motion to dismiss
13 Count II is granted in part and denied in part. Count II is dismissed without prejudice with
14 leave to amend.
15    B.  <u>Counts III and IV</u>.
16    Defendants contend that the captions of Counts III (infliction of emotional distress)
17 and IV (loss of consortium) show that these two counts are asserted against all Defendants
18 but that the factual allegations in support of these counts fail to mention any conduct by
19 Aetna.  Defendants further appear to contend that "these two claims, to the extent that they
20 relate to administration of plan benefits, are preempted by ERISA."  (Doc. 8 - motion at p.
21 8).  Plaintiff has responded by arguing that these two counts are not preempted by ERISA.
22 (Doc. 13 - response at p. 5).  Defendants answer in their reply that Defendants Boeing and
23 the Boeing employees have not argued ERISA preemption as to Counts III and IV.  (Doc.
24 14 - reply at p. 4).  It therefore appears that Defendants are simply contending that Plaintiffs
25 have not asserted any factual allegations against Aetna in Counts III and IV and therefore
26 these claims should be dismissed as to Aetna. Plaintiffs have conceded that Counts III and
27 IV should be dismissed as to Defendant Aetna only.  (Doc. 13, p. 2 n.1). Defendants' motion
28 to dismiss Counts III and IV as to Defendant Aetna is granted.

C.     Counts V through VII - ERISA and ERISA preemption.

Defendants contend that Plaintiff's claims for fraud (Count V) and negligent misrepresentation (Count VI) are preempted by ERISA. As to Count VII, Defendants contend that this claim which alleges a "violation of ERISA" refers to a "breach of fiduciary duty" but the relief sought indicates a claim for benefits under ERISA § 502(a)(1)(B). Defendants further contend that the only proper defendant in an action to recover benefits under ERISA are the plan and the plan administrator. Therefore, Plaintiff's allegedly "preempted" claims asserted against Boeing, its Defendant employees and Aetna should be dismissed.

Plaintiff has responded as to Counts V and VI that the facts in support of these claims allege misconduct by Boeing and its agents in handling Plaintiff's disability benefits claim and that her short and long term ERISA-regulated plan benefits should be restored. Plaintiff argues, however, that this alone does not mandate preemption.

Section 1132(a) [29 U.S.C. § 1132(a)] is an ERISA enforcement provision and provides in relevant part as follows:

> A civil action may be brought --
>
> (1) by a participant or beneficiary –
>
> ***
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; ...

It is undisputed in this case that the short and long term disability benefit plans at issue are employee welfare benefit plans governed by ERISA.

The Supreme Court has determined that Congress intended the complete preemption doctrine to apply to state law claims that fit within the scope of ERISA's civil enforcement provisions. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987). Under ERISA's civil enforcement provisions quoted above, a participant or beneficiary of an ERISA plan may bring a civil action to "recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B).

- 7 -

1   In its determination of ERISA preemption, the court must look beyond the label of the
2   claim. Generally, a state or common law claim "relates to" an employee benefit plan
3   governed by ERISA "if it has a connection with or reference to such a plan." <u>Shaw v. Delta</u>
4   <u>Air Lines, Inc.</u>, 463 U.S. 85, 96-97 (1983); <u>Blue Cross of Cal. v. Anesthesia Care Assocs.</u>
5   <u>Med. Group. Inc.</u>, 187 F.3d 1045, 1052 (9th Cir. 1999). In evaluating whether a common law
6   claim has "reference to" a plan governed by ERISA, the focus is whether the claim is
7   premised on the existence of an ERISA plan, and whether the existence of the plan is
8   essential to the claim's survival. If so, a sufficient "reference" exists to support preemption.
9   <u>California Div. of Labor Standards Enforcement v. Dillingham Constr. N.A. Inc.</u>, 519 U.S.
10  316, 324-25 (1997) . If a state law claim is one seeking relief available under § 1132(a), i.e.,
11  a claim for benefits, ERISA's complete preemption applies. <u>Aetna Health Inc. v. Davila</u>, 542
12  U.S. 200, 209-11 (2004).

13  Plaintiff Michelle's claims for fraud (Count V) and negligent misrepresentation (Count
14  VI) include allegations relevant to the denial of her claims for benefits. In support of Count
15  V, Plaintiff contends that Defendant Morris made written representations that were "false"
16  regarding her job duties and that Aetna relied on these false representations in denying her
17  claim for short term disability benefits. In support of Count VI, Plaintiff alleges that
18  Defendants Morris and Wallace "breached" duties owed to her "by not ensuring that accurate
19  and truthful information regarding [her] job duties and tasks were communicated to Aetna,
20  causing her resulting damage." Plaintiff also alleges in support of Count VI that these co-
21  defendants owed a duty to her as a Boeing employee to communicate accurate and truthful
22  information "to Boeing's insurers whenever employees apply for Company benefits."
23  Plaintiff has alleged in paragraph IV of her first amended complaint that Aetna maintained
24  the short term and long term disability insurance plans for Boeing's employees.

25  Plaintiff's claims alleged in Counts V and VI have "a connection with" or "relation to
26  such a plan" and therefore "relate to" an employee benefit plan in the normal sense of the
27  phrase. The claims further appear to be premised on the existence of an ERISA plan and the
28

1   existence of the plan appears essential to the claims' survival.  The Court concludes that
2   Counts V and VI are preempted by ERISA.

3   An ERISA suit to recover benefits may only be brought against the Plan as an entity.
4   See 29 U.S.C. § 1132(d).  See Everhart v. Allmerica Financial Life Ins. Co., 275 F.3d 751,
5   753-54 (9th Cir. 2001)(referring to plan or plan administrator). Plaintiffs "concur that Boeing
6   and its employees are not 'plan administrators' and that Boeing's Employee Benefits Plan
7   Committee ("EBPC") is the proper defendant for the ERISA violation claim."  (Doc. 13 -
8   response at p. 9).  Plaintiffs therefore seek leave to file an amended complaint to name the
9   proper Defendant.  Plaintiffs maintain, however, that Aetna was the plan fiduciary and
10  therefore should remain as a defendant in the lawsuit.  (id.).  Defendants have pointed out
11  that the Plan states that the Plan Administrator is EBPC.  (Doc. 14 - reply at p. 7).

12  The appropriate remedy generally is to allow a plaintiff to amend the complaint to
13  name an appropriate defendant and seek appropriate relief under § 1132(a).   See, e.g.,
14  Antolik v. Saks Incorporated, 278 F. Supp. 2d 997, 1005 (S.D. Iowa 2003)(where plaintiffs
15  asserted only common law claims and such claims were preempted by ERISA, dismissal of
16  entire case was improper and plaintiffs were permitted to file an amended complaint).
17  Plaintiff's Counts V and VI are dismissed without prejudice as preempted by ERISA with
18  leave to file an amended complaint. Plaintiffs further shall be permitted to name the
19  appropriate defendant.  The Court has determined that Defendant Aetna should remain a
20  defendant as to the ERISA enforcement claim.  If there is a good faith dispute over whether
21  Aetna is a proper defendant in this case, the parties may request to take limited discovery on
22  the issue at the Fed.R.Civ.P. 16 Scheduling Conference. Count VII is dismissed as to
23  Defendants Boeing and the Boeing employees but not as to Defendant Aetna.

24  **Accordingly**,

25  **IT IS ORDERED** that Defendants' motion to dismiss (Doc. 8) is granted in part and
26  denied in part as set forth in this Order.

27  **IT IS FURTHER ORDERED** that Plaintiff's claim asserted in Count II is dismissed
28  without prejudice with leave to amend.

- 9 -

Case 2:04-cv-02611-MHM   Document 15   Filed 03/31/06   Page 10 of 10

**IT IS FURTHER ORDERED** that Plaintiffs' claims asserted in Counts III and IV are dismissed as to Defendant Aetna.

**IT IS FURTHER ORDERED** that Plaintiff's claims asserted in Counts V and VI are dismissed without prejudice as preempted by ERISA; Plaintiff may file an amended complaint which asserts claims based on ERISA and which names the proper Defendant for a claim based on violation of ERISA.

**IT IS FURTHER ORDERED** that Plaintiff's claim asserted in Count VII as based on violation of ERISA is dismissed as to Defendants Boeing and the Boeing employees; Count VII is not dismissed as to Defendant Aetna.

**IT IS FURTHER ORDERED** that Plaintiffs may file a second amended complaint within twenty (20) days of the filing date of this Order.

DATED this 26th day of March, 2006.

_____
Mary H. Murguia
United States District Judge