**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michele London-Marable and Frederick Marable,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>The Boeing Company, et al.,<br><br>　　　　　　Defendants. | No. CV-04-2611–PHX-MHM<br><br>**ORDER** |

　　　　Pending before this Court is Defendants Aetna, Inc., and Boeing Employee Benefits Plan Committee's ("the ERISA Defendants") Motion to Clarify, Strike, or Dismiss Count V of Plaintiffs' Second Amended Complaint (Dkt. # 22). Plaintiffs filed a Response (Dkt. # 27) and the ERISA Defendants filed a Reply (Dkt. # 28).

BACKGROUND

　　　　In Plaintiffs' Second Amended Complaint, Plaintiff Michelle London-Marable included a violation of ERISA claim against the ERISA Defendants (see Pls.' 2nd Am Compl. ¶¶ LX-LXIII – "Count V"). Plaintiff London-Marable alleges that Aetna Life Insurance Company's short- and long-term disability insurance plans (the "Plans") wrongfully terminated her short- and long-term disability benefits based on fraudulently or negligently provided, materially false information. (Pls.' 2nd Am Compl. ¶ LXI.) Plaintiff London-Marable further asserts that the ERISA Defendants breached a fiduciary

1  duty owed to Plaintiff to ensure that all information provided to it by London-Marable's
2  former employer Boeing regarding Plaintiff's disability claims was accurate and truthful,
3  and to investigate and confirm the accuracy of the information it received.  (Pls.' 2nd Am
4  Compl. ¶ LXII.)  Plaintiff London-Marable seeks to recover short-term and long-term
5  disability benefits that she claims she was wrongfully denied.  (Pls.' 2nd Am Compl. ¶
6  LXIII.)

The ERISA Defendants move to clarify, strike, or dismiss Count V of Plaintiffs' Second Amended Complaint asserting that Plaintiff London-Marable is barred from pursuing a breach of fiduciary duty under ERISA § 502(a)(3); 29 U.S.C. § 1132(a)(3). The ERISA Defendants argue that because relief is available to Plaintiff under Section 502(a)(1)(B); 29 U.S.C. § 1132(a)(1)(B), Plaintiff is barred from also bringing suit under Section 502(a)(3); 29 U.S.C. § 1132(a)(3).

## LEGAL STANDARD

I.   Motion to Strike

Federal Rule of Civil Procedure 12(f) states as follows:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Striking a party's pleading is an "extreme measure," and Rule 12(f) motions are viewed with disfavor and are infrequently granted. Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (8th Cir.2000); see also Bureerong v. Uvawas, 922 F.Supp. 1450, 1478 (C.D.Cal.1996).

II.   Motion for a More Definite Statement

Indefiniteness of a plaintiff's complaint is not ground for dismissal, but if a defendant needs additional information to enable him to answer or prepare for trial proper procedure is by motion for more definite statement or for bill of particulars.  Fed.Rules

- 2 -

1  Civ.Proc. Rule 12(e).  Bowles v. Wheeler, 152 F.2d 34, 41 (9th Cir. 1945).  "[T]he proper
2  test in evaluating a motion under Rule 12(e) is whether the complaint provides the
3  defendant with a sufficient basis to frame his responsive pleadings." Federal Sav. and
4  Loan Ins. Corp. v. Musacchio, 695 F.Supp. 1053, 1060 (N.D.CA.1988) (citing Famolare
5  Inc. v. Edison Bros. Stores, Inc., 525 F.Supp. 940, 949 (E.D.CA.1981)).

6       "Motions for a more definite statement are viewed with disfavor and are rarely
7  granted because of the minimal pleading requirements of the Federal Rules." Sagan v.
8  Apple Computer, Inc., 874 F.Supp. 1072, 1077 (C.D.CA 1994).  "Rule 12(e) is designed
9  to correct only unintelligibility in a pleading not merely a claimed lack of detail." FRA S.
10 p. A. v. Surg-O-Flex of America, Inc., 415 F.Supp. 421, 427 (S.D.N.Y.1976).  The proper
11 tool for eliciting additional detail is discovery, not a Rule 12(e) motion. Musacchio, 695
12 F.Supp. at 1060 (citing Kuenzell v. United States, 20 F.R.D. 96, 98 (N.D.Cal.1957)).

13      A Rule 12(e) motion may be granted, however, "where the complaint is so general
14 that ambiguity arises in determining the nature of the claim or the parties against whom it
15 is being made." Sagan, 874 F.Supp. at 1077.  In particular, the plaintiff may be required
16 to specify which defendants are intended by a general reference to "defendants" in order
17 "to allow the defendant to plead intelligently." Van Dyke Ford, Inc. v. Ford Motor Co.,
18 399 F.Supp. 277, 284 (E.D.Wis.1975).

19 III.    Motion to Dismiss

20      A motion to dismiss for failure to state a claim will be denied unless it is "clear
21 that no relief could be granted under any set of facts that could be proved consistent with
22 the allegations." Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th Cir. 2002), citing
23 Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).  A
24 complaint must contain a "short and plain statement of the claim showing that the pleader
25 is entitled to relief." Fed.R.Civ.P. 8(a).  "Each averment of a pleading shall be simple,
26 concise, and direct.  No technical forms of pleading or motions are required."
27 Fed.R.Civ.P. 8(e).  These rules "do not require a claimant to set out in detail the facts
28 upon which he bases his claim.  To the contrary, all the Rules require is 'a short and plain

1  statement of the claim' that will give the defendant fair notice of what the plaintiff's claim
2  is and the grounds on which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2
3  L.Ed.2d 80 (1957).

4  When granting a motion to dismiss, a court is generally required to grant a plaintiff
5  leave to amend, even if no request to amend the pleading was made, unless amendment
6  would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d
7  242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, a court
8  examines whether the complaint could be amended to cure the defect requiring dismissal
9  "without contradicting any of the allegations of [the] original complaint." Reddy v.
10 Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally
11 granted, but an amended complaint cannot allege facts inconsistent with the challenged
12 pleading. Id. at 296-97.

## DISCUSSION

14 ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), provides that "[a] civil
15 action may be brought by a participant or beneficiary . . . to recover benefits due to [her]
16 under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to
17 clarify [her] rights under the terms of the plan, or to clarify [her] rights to future benefits
18 under the terms of the plan[.]"

19 ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(1)(B), provides that "[a] civil
20 action may be brought . . . by a participant, beneficiary, or fiduciary . . . to obtain other
21 appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions
22 of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3) (1997).

23 Courts have repeatedly held that a plaintiff may not pursue a remedy pursuant to
24 Section 1132(a)(3) when another ERISA provision provides adequate relief. See, e.g.,
25 Varity Corp. v. Howe, 516 U.S. 489, 515, 116 S.Ct. 1065, 1079, 134 L.Ed.2d 130 (1996)
26 (permitting plaintiffs to pursue equitable relief only because plaintiffs could not proceed
27 under other ERISA provisions); Forsyth v. Humana, 114 F.3d 1467, 1475 (9th Cir.1997)
28 ("Equitable relief under section 1132(a)(3) is not 'appropriate' because section 1132(a)(1)

1  provides an adequate remedy in this case.") aff'd, 525 U.S. 299, 119 S.Ct. 710, 142
2  L.Ed.2d 753 (1999).  Section 1132(a) clearly provides that "[a] civil action may be
3  brought . . . by a participant or beneficiary . . . to recover benefits due to him under the
4  terms of his plan." 29 U.S.C. § 1132(a)(1)(B) (1997).

5  London-Marable cites Varity, 516 U.S. at 510, for the assertion that Varity
6  authorizes a lawsuit under Section 502(a)(3) for "individual relief for breach of a
7  fiduciary obligation."  London-Marable alleges that she was "denied benefits under the
8  Plans and [because of the denial] has no 'benefits due [her] under the terms of the plan.'"
9  Response p.5:7-9.  London-Marable further asserts that as a result of the Plan's denial of
10 benefits, she, like the plaintiffs in Varity, no longer is a Plan participant and, thus, she is
11 entitled to equitable relief under Section 502(a)(3).

12 In Varity the Court found that the plaintiffs could pursue claims under Section
13 502(a)(3) because they no longer were participants in the employer's solvent ERISA plan
14 after transferring to the employer's insolvent ERISA plan.  The plaintiffs in Varity had no
15 other remedy but to seek equitable relief – to be allowed back into their employer's
16 solvent ERISA plan – under Section 502(a)(3).

17 In contrast, Plaintiff London-Marable seeks a remedy for denial of benefits in
18 February and May 2003.  During this time, London-Marable was a participant of the
19 Plans.  What London-Marable's argument overlooks is that she does not loose her status
20 as a Plan participant simply due to a denial of benefits.  Plaintiff's remedy remains to seek
21 damages under Section 502(a)(1)(B).

22 The Court finds that London-Marable retains the right to pursue her claims under
23 Section 502(a)(1)(B).  Thus, London-Marable is precluded from pursuing a remedy under
24 Section 502(a)(3). See Varity, 516 U.S. at 515, 116 S.Ct. at 1079; Forsyth, 114 F.3d at
25 1475.  Plaintiff's leap of reasoning from her denial of disability benefits to her loss of
26 membership in the Plans and ability to bring suit under Section 502(a)(3) is misguided.

27 The ERISA Defendants' Motion to Clarify, Strike, or Dismiss is granted in part
28 and denied in part in accordance with this Order.  Plaintiffs shall revise Count V of their

1  Second Amended Complaint to clarify under what ERISA section(s) they intend to
2  proceed.
3      **Accordingly**,
4      **IT IS ORDERED** that the ERISA Defendants' Motion to Clarify, Strike, or
5  Dismiss Count V of Plaintiffs' Second Amended Complaint (Dkt. # 22) is granted in part
6  and denied in part in accordance with this Order.
7      **IT IS FURTHER ORDERED** that the ERISA Defendants' request to clarify
8  Count V of Plaintiff's Second Amended Complaint is granted.
9      **IT IS FURTHER ORDERED** that the ERISA Defendants' request to strike or
10 dismiss Count V of Plaintiff's Second Amended Complaint is denied.
11     **IT IS FURTHER ORDERED** that Plaintiffs shall revise Count V of their Second
12 Amended Complaint to clarify under what ERISA section(s) they intend to proceed.
13 Plaintiffs shall submit the clarified Second Amended Complaint within eleven days of the
14 file date of this Order.  The Court Clerk is directed to file such Amended Complaint.
15     DATED this 24th day of November, 2006.

_____
Mary H. Murguia
United States District Judge